BARKDULL, Judge.
The State appeals an order dismissing an information charging the appellees with a violation of § 552.101, Fla.Stat., F.S.A. It is apparent that the trial court concluded that before the State could prosecute the
*172 appellees for an alleged violation of the statute [making it unlawful to possess explosives in certain situations] it would be necessary for the administrative procedures, provided for in §§ 552.151, 552.161, 552.171 of Chapter 552, Fla.Stat., F.S.A., be exhausted.
We fail to perceive the intent of the Legislature to be that before a criminal prosecution could be instituted against one alleged to be unlawfully in possession of highly dangerous explosives, a member of the executive department, to wit: the State Fire Marshal, would first have to conclude administrative hearings. This would be an unwarranted and unreasonable conclusion as to the meaning of the statute. In construing statutes, the courts are required to give a reasonable or normal construction to legislative intent [Hanson v. State, Fla. 1952, 56 So.2d 129; George v. State, Fla. App.1967, 203 So.2d 173] and are not to construe a statute to reach an absurd and unreasonable result. Johnson v. State, Fla. 1956, 91 So.2d 185; Sharon v. State, Fla. App.1963, 156 So.2d 677; State v. Schell, Fla.App.1969, 222 So.2d 757. To do as the appellees urge in this case would be to follow the latter course. We think the alternatives permitted by the administrative procedures of § 552.151 of Chapter 552, Fla.Stat., F.S.A., are for the purposes of revoking a duly issued license or of providing a civil penalty for one possessing or not possessing a license who violates the provisions of the Chapter or the rules and regulations of the State Fire Marshal, and further provides certain equitable relief to protect the public. The State has cited United States v. Borden Company, 308 U.S. 188, 84 L.Ed. 181, 60 S.Ct. 182; Maryland and Virginia Milk Producers Association, Inc. v. United States, 362 U.S. 458, 4 L.Ed.2d 880, 80 S.Ct. 847. We have examined these decisions and find them persuasive. These, together with the reasoning set forth above, require us to reverse the trial judge’s order here under review, with directions to reinstate the cause in the trial court on the information as filed. The appel-lees’ contention that it would be a denial of due process and equal protection under the Constitutions of the United States and of the State of Florida [to prosecute them without exhausting the administrative remedies] has been examined and found to be without merit.
Reversed and remanded, with directions.