**Mary Alice MARSHALL et al.,**
**Plaintiffs,**

v.

**Donald HOLMES et al., Defendants.**

**Civ. A. No. 508.**

United States District Court,
N. D. Florida,
Gainesville Division.

Sept. 28, 1973.

**614**

Kent Spriggs, Tallahassee, Fla., Johnson & Ellis, Gainesville, Fla., Norman Siegel, Morris Brown, Emily Carssow, Neil Bradley, Atlanta, Ga., for plaintiffs.

Arthur C. Canaday, Asst. Atty. Gen., Tallahassee, Fla., Daniel S. Dearing, Chief Trial Counsel, Dept. of Legal Affairs, Tallahassee, Fla., for defendants.

## OPINION–ORDER

### STATEMENT OF THE ACTION

MIDDLEBROOKS, District Judge.

Plaintiffs in this class action attack the validity of Florida Statutes, Section 40.01 F.S.A. relating to qualifications and disqualifications of jurors. This statute [1] is alleged to offend the United States Constitution both on its face and as applied. Plaintiffs are black and female citizens who are making a three-pronged attack on the method of selecting jurors in Levy County, Florida. They allege that (1) the statute is unconstitutional in that it limits potential jurors to those registered to vote, (2) that blacks and women are underrepresented on jury lists, and (3) that women are discriminated against since women who have children under eighteen (18) years of age may be exempt from jury service upon request. There are also claims under certain provisions of the Florida Constitution considered by this Court not worthy of comment.

Jurisdiction is founded also on the provisions of Title 42, United States

---

[1]. The portion of the statute assailed provides:

"(1) Grand and petit jurors shall be taken from the male and female persons over the age of twenty-one (21) years, who are citizens of this state and who have resided in this state for one (1) year and in their respective counties for six (6) months and who are *fully qualified electors* of their respective counties; provided, however, that expectant mothers and mothers' with children under eighteen (18) years of age, upon their request, shall be exempted from grand and petit juror duty . . . .". (Emphasis supplied)

This statute has been recently amended to lower the minimum age of qualification of prospective jurors to 18 years of age and this is not at issue in this cause.

Code, Section 1981 and 1983 and Title 28, United States Code, Section 2281.

## APPLICATION FOR THREE JUDGE COURT

Initially, this Court was confronted with the threshold issue of determining the propriety of three-judge court relief as demanded by plaintiffs and as contemplated by Title 28, U.S.C.A. Sections 2281 and 2284. Specifically, this Court had to decide whether the constitutional issue presented in the amended complaint was "substantial" thus requiring the empanelling of a statutory three-judge tribunal. Mayhue's Super Liquor Store, Inc. v. Meiklejohn, 426 F.2d 142, 144 (5th Cir. 1970).

 If the constitutional issue is clearly lacking in merit or judicially emasculated by prior Supreme Court pronouncements foreclosing the matter as a subject of controversy on constitutional grounds, then the existence of a substantial federal question is deemed wanting. Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1934). Logically then where the challenged statutory enactment withstands the constitutional attack and is assailed in its mere application by state authorities which action allegedly yields an unconstitutional result, the prerequisites for convening a three-judge court have not been fulfilled. Ex parte Bransford, 310 U.S. 354, 361, 60 S.Ct. 947, 84 L.Ed. 1249 (1939).

In the instant case plaintiffs question the statutory standard limiting those people eligible to serve on Florida juries to those who are "fully qualified electors". Additionally, plaintiffs contest the statutory provision allowing women who have children under eighteen (18) years of age to be exempt from jury service upon request. As a result, therefore, of the application of the Florida statute plaintiffs contend that unconstitutional discrimination against blacks and women obtain.

In Carter v. Jury Commission of Greene County, 396 U.S. 320, 90 S.Ct. 518, 24 L.Ed.2d 549 (1970), the Supreme Court of the United States upheld the decision of a statutory three-judge court, finding that an Alabama statute, similar to the Florida statute challenged herein, was not "irredeemably invalid on its face". Ibid., at 332, 90 S.Ct. 518. In assessing the merits of appellants' argument the Supreme Court noted approvingly of other state laws using the same or similar language to that contained in the Alabama statute. The Court then concluded that although the Alabama statute had been applied in such manner that blacks had been discriminated against, the statutory language standing alone passed constitutional muster and should not be stricken down. Compare Franklin v. South Carolina, 218 U.S. 161, 30 S.Ct. 640, 54 L.Ed. 980 (1910).

██ Thus, it affirmatively appeared to this Court that the constitutional question sought to be raised for determination by a three-judge court was insubstantial and had been foreclosed by previous decisions of the Supreme Court. Ex parte Poresky, supra. The application for convening a three-judge court pursuant to Title 28, U.S.C.A., Section 2284 was denied in a written order of this Court dated August 22, 1972.

It is, however, the view of this Court that the amended complaint does contain allegations of deprivation sufficient to state a claim for declaratory and injunctive relief. Accordingly, the Court makes the following findings of fact and conclusions of law as may be required by Rule 52, Federal Rules of Civil Procedure.

## FINDINGS OF FACT

1. Plaintiffs are male and female black citizens of Levy County, Florida. They are over the age of eighteen (18) years, have resided in Florida for one year and in the County for six months,

and are fully qualified electors for Levy County, Florida.

2. The current system of selecting jurors in Levy County, instituted in August 1970, operates as follows:

(a) Questionnaires are mailed to all registered electors in Levy County. (b) From the questionnaire responses an "eligibility" list is developed; those individual electors not qualifying for exemptions from jury duty and those persons who failed to return the questionnaire forms are placed on the eligibility list.

3. In August 1970, there were 4,966 registered electors in Levy County, Florida, of which 4,415 were white and 551 were black persons.

4. From the total of 4,966 registered electors, 2,978 names were placed in the eligibility file. Of this number 376 were black persons and 2,602 were white persons. Of the 376 black persons, 172 were male and 204 female and of the 2,602 white persons, 1434 were male and 1,168 were female.

5. From the total of 2,978 names in the eligibility file, 625 names were selected on a random basis and were placed in the juror wheel.

6. Since the initial composition of the eligibility list, all newly registered electors are sent the questionnaire form referred to above and depending upon the availability to them of certain of the statutory exemptions, their names are placed on the eligibility list.

7. During the years 1969-1972, black persons in Levy County have consistently constituted approximately 11.30% of the duly registered electors for that county. The same statistics compiled by the Secretary of State and furnished to the Court by the plaintiffs (see the Court's Exhibit I attached herein), reflect that during the years 1969–1973, black persons constituted 12.81, 14.47, 7.-64, 14.39 and 18.0% of those on jury lists.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over the subject matter of and the parties to this action.

2. Plaintiffs contend herein that Florida Statutes, Section 40.01 F.S.A., upon which the Levy County, Florida juror selection plan is predicated, is unconstitutional (1) in that it limits potential jurors to those registered to vote; (2) that blacks and women are underrepresented on jury lists and (3) that women who have children under eighteen (18) years of age are discriminated against since they may be exempt from service upon request.

3. In regard to plaintiffs' claim that use of a "registered elector" list to select jurors is an unconstitutional limitation upon the right of every individual to serve as a juror, this Court feels that the argument is badly eroded, if not absolutely foreclosed, by the Supreme Court pronouncements in Brown v. Allen, 344 U.S. 443 at 474, 73 S.Ct. 397 at 416, 97 L.Ed. 469 (1952) and Carter v. Jury Commission of Greene County, 396 U.S. 320 at 332, 90 S.Ct. 518 at 524, 24 L.Ed.2d 549 (1970).

Although the instant case is an attack by plaintiffs seeking affirmative relief from alleged discriminatory juror selection, Brown v. Allen, supra, is helpful even though that case involved defendants challenging judgments of criminal convictions on the ground of systematic exclusion of Negroes from grand juries. In both cases the parties have a "cognizable legal interest in nondiscriminatory jury selection". Carter, supra, at 329, 90 S.Ct. at 523.

Commenting on a system in Brown where property and poll tax lists were used, Justice Reed noted that,

"Our duty to protect the federal constitutional rights of all does not mean we must or should impose on states our conception of the proper source of jury lists, so long as the source reasonably reflects a cross-sec-

tion of the population suitable in character and intelligence for that civic duty." Brown, supra, at 474, 73 S.Ct. at 416.

Justice Stewart in the opinion of the Court in Carter v. Jury Commission of Greene County, supra, adopted the language of Justice Reed in validating the multi-list system in Greene County, Alabama.

■ It is, therefore, apparent to this Court that to the extent plaintiffs contest the *use* of a "registered electors" list, their argument is without merit. Clearly, this list if it reasonably reflects a cross section of the Levy County population is permissible.

4. Plaintiffs' second contention is that blacks and women are underrepresented on Levy County juror lists. The Court understands this argument to be that whatever the listing system used in Levy County, it does not reasonably reflect a cross section of the population of Levy County. The plaintiffs are not contending that they are entitled to a proportional representation by race or by sex on any particular grand or petit jury since this has been foreclosed on numerous occasions by the Supreme Court and more recently rejected again in *Carter,* supra.

In order to prevail it is incumbent upon plaintiffs to show by substantial evidence that the Florida statute, under which the Levy County plan was developed, operates to unfairly and unreasonably represent blacks and women on juror lists. Hoyt v. Florida, 368 U.S. 57, 69, 82 S.Ct. 159, 7 L.Ed.2d 118 (1961); Hernandez v. State of Texas, 347 U.S. 475, 74 S.Ct. 667, 98 L.Ed. 866 (1954); United States v. Pentado, 463 F.2d 355 (5th Cir. 1972).

■ An examination of the record reveals no evidence of such underrepresentation of either blacks or women. To the contrary the evidence would suggest that the black persons in Levy County in 1969, who represented 11.51% of the registered electors of Levy County, constituted 12.81% of individuals on juror lists. In 1971, 11.08% of the registered electors were black yet 14.39% of the individuals on juror lists were black. Figures for the first two months of 1973, reflect that blacks constitute 18% of juror list names.

To the suggestion that the comparison should be made between the percentage of blacks in the Levy County population and the percentage reflected on the juror lists, the Court can only take some direction from the statistics and findings in Carter v. Jury Commission of Greene County, supra. Plaintiffs would show that although approximately 25% of the population in Levy County is black, they constitute only about 15% of juror lists. However, the plight of appellants in *Carter,* supra, was that while 75% of the Greene County population was black, the largest number of blacks ever to appear on the jury list between 1961 and 1963 was 7% of the total. In 1966 only 4% of the blacks in Greene County found their way to the jury roll. Yet neither the District Court nor the Supreme Court enjoined the enforcement of the challenged statute.

■ It therefore, is the view of this Court as to plaintiffs' second contention that plaintiffs have not carried the legal burden of showing the discrimination which is alleged. Clearly, there has been no showing that the statute is incapable of being carried out with no discrimination as is required by Carter v. Jury Commission of Greene County, supra. Accordingly, this Court finds that the elector listing system which is the basis for the Levy County juror lists and which is provided for in the Florida Statutes, Section 40.01, F.S.A., reasonably and sufficiently reflects a cross section of the population of Levy County, Florida.

■ 5. As to plaintiffs' contention that the statute is unconstitutional because it allows women with children under eighteen (18) years of age to be exempt from jury duty upon their request, this Court finds the argument to be devoid of merit.

618

The right of women to serve on juries without discrimination is not an issue before this Court. The Court is doubtful that such an issue would ever again be seriously raised in this day and time; certainly, the case law explicitly recognizing the right of women to serve as jurors is too numerous to mention. Even evidence in the record of this case to which plaintiffs stipulate as true, reflects for instance in the year 1972, that 48.29% of those individuals on juror lists in Levy County were women.

But the plaintiffs' specific complaint is that the exemption in Florida Statutes, Section 40.01(1), F.S.A., which is *available upon request* is unconstitutional. This Court cannot countenance such an argument. The "restraint" which plaintiffs seem to suggest simply does not exist; the statute just does not operate to prohibit any woman who is a registered elector from serving on a jury in Levy County. Rather, the normal operation of the statute would place on women desiring the exemption, an affirmative duty of requesting it. If in practice it is somehow discriminatory toward women, at least plaintiffs have failed to carry the burden of showing such discrimination. Hoyt v. Florida, supra.[2]

In sum, the Court finds that Florida Statutes, Section 40.01, F.S.A., is neither unconstitutional on its face nor as it is applied in Levy County, Florida, and as this Court has heretofore ruled, the issues raised in plaintiffs' behalf have been foreclosed by previous decisions of the Supreme Court and thus a substantial federal question is clearly wanting for purposes of convening a Three-Judge Court. Ex parte Poresky, supra. It is, therefore,

Ordered that judgment in this matter shall be entered disposing of the issues raised in the pleadings in favor of the defendants.

---

2. See Hoyt v. Florida, supra. In 1961 the Supreme Court construed Florida Statutes 40.01(1), F.S.A. The Court upheld its validity even absent the provisions giving women the affirmative duty of claiming the exemption which appears in its present amended form. The Court noted that:
 "The disproportion of women to men on the list independently carries no constitutional significance. In the administration of the jury laws proportional class representation is not a constitutionally required factor". *Hoyt,* supra, at 69, 82 S.Ct. at 166.
 While it is alleged that, though not explicitly overruled, *Hoyt* has been "eroded", see Healy v. Edwards, 363 F.Supp. 1110, E.D.La.1973 by Reed v. Reed, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971), the Court notes that *Reed* involved a statutory scheme which draws a sharp line between the sexes *solely* for the purpose of achieving administrative convenience. *Reed,* supra, at 77, 92 S.Ct. 251. The present *amended form* of Florida Statutes 40.01(1), F.S.A., which is contested in the matter before this Court involves no such statutory scheme solely for administrative convenience. More importantly, however, the proposition in *Hoyt* that plaintiffs must show the alleged discrimination by substantial evidence, upon which this Court has relied, is unscarred.