306 So.2d 513 (1975)
Jimmy Lee WILSON, Appellant,
v.
STATE of Florida, Appellee.
No. 44872.
Supreme Court of Florida.
January 15, 1975.
Phillip A. Hubbart, Public Defender, and Bennett H. Brummer, Asst. Public Defender, for appellant.
*514 Robert L. Shevin, Atty. Gen., and Stephen V. Rosin, Asst. Atty. Gen., for appellee.
OVERTON, Justice.
This is a direct appeal concerning the constitutionality of this State's jury selection procedure. We have jurisdiction pursuant to Article V, Section 3(b)(1), Florida Constitution.
The defendant-appellant was convicted on two counts of first degree murder and one count of robbery; he was sentenced to two terms of life imprisonment and one term of 130 years, all to run consecutively. The first degree murder offenses were committed prior to the adoption of the present death penalty statute.
The appellant contests as unconstitutional the method of jury selection under Section 40.01, Florida Statutes 1972, and its implementation for the selection of jurors in this cause by Dade County, Florida. The trial court held the statute and procedure constitutional. Subsequent to the present appeal being filed, the same issues were considered and decided by this Court in Reed v. State, 292 So.2d 7, 9 (Fla. 1974), where we held:
"Fla. Stat. § 40.01, F.S.A., provides regulation of the process of jury selection which is not, per se, violative of any provision of the Constitution of Florida or of the United States. Nor has the selection of jurors in Dade County created any constitutional infirmity."
Similarly, we find nothing in the record of the case sub judice to establish a constitutional infirmity.
The appellant next contends that the trial court committed reversible error by refusing to grant his motion for a seven- to ten-day continuance. The record reflects that counsel for the appellant filed his motion for a continuance on December 4, the day the trial in chief was to commence. Counsel had stated, on the preceding November 17, that he would be prepared for trial on December 4, knowing full well there were numerous depositions to be taken. The depositions were taken but were not fully transcribed on the date of trial. Defense counsel had ascertained on the preceding November 29 that transcription of the depositions prior to the trial date would prove impossible. For its part, the State had flown in, at its expense, many out-of-state witnesses who could not remain in Miami pending the trial for the period of time requested by the defendant.
It is apparent that counsel for the appellant, in failing to timely submit the motion for continuance, was unconcerned about the court's time, the efforts of preparation by counsel for the State, and the costs of bringing in out-of-state witnesses. Yet these considerations are not dispositive of whether respondent's motion was properly denied. The critical element is whether the defendant was prejudiced by the denial of the continuance.
The record reflects that the defendant-appellant was very competently represented at the trial of this cause. Further, there is no showing of any specific need during the trial of the cause for the transcript of the depositions, the asserted reason for the continuance. Under these circumstances, it is apparent that the trial court's denial of the motion was entirely proper.
The appellant's final contention of error concerns the admission into evidence of certain erotic magazines and related material depicting interracial sex, found in his home and automobile. It is contended that this evidence was wholly irrelevant to the crimes charged and was calculated to prejudice the jury. The record shows that a man of appellant's blood type had sexual intercourse with one of the victims prior to her death by shooting. There was sufficient relevancy between the pornographic evidence, its location, and the circumstances of the offenses to justify submitting *515 it to the jury. Coile v. State, 212 So.2d 94 (Fla.App.3d 1968).
The conviction of the appellant is hereby affirmed.
ADKINS, C.J., and ROBERTS, ERVIN and McCAIN, JJ., concur.