330 So.2d 457 (1976)
Jimmie WILSON, Appellant,
v.
STATE of Florida, Appellee.
No. 46584.
Supreme Court of Florida.
April 7, 1976.
Phillip A. Hubbart, Public Defender, and Kurt Marmar and Elliot H. Scherker, Asst. Public Defenders, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and George R. Georgieff and Stephen V. Rosin, Asst. Attys. Gen., for appellee.
BOYD, Justice.
This is an appeal from a judgment of guilty of five felonies including rape, robbery and assault with intent to commit murder in the first degree entered in the Circuit Court of the Eleventh Judicial Circuit in and for Dade County. At hearing on a pre-trial motion, Appellant moved that the jury panel be dismissed on the ground that Section 40.01, Florida Statutes, is unconstitutional. The trial court denied the motion. We have appellate jurisdiction. Article V, Section 3(b)(1), Florida Constitution.
Appellant argues that Chapter 40.01(1), Florida Statutes, on its face and as applied, violates Appellant's constitutional right to be tried by jury and rights to equal protection of the law. That statute in not unconstitutional on its face or as applied in Dade County. Wilson v. State, 306 So.2d 513 (Fla. 1975); Reed v. State, 292 So.2d 7 (Fla. 1974).
Appellant raises another point concerning the introduction at trial of similar fact evidence pointing to separate crimes committed by Appellant, which took up over 600 pages of trial transcript. In Williams v. State, 110 So.2d 654 (Fla. 1959), we held the introduction of similar fact evidence admissible where relevant, even though it points to the commission of a separate crime, except where the evidence is relevant solely to prove bad character or propensity. We have carefully examined the record. Although the similar fact evidence introduced at Appellant's trial is extremely extensive, it establishes a pattern of conduct similar to the pattern of conduct in the crimes now reviewed. In each pattern a man and a woman were initially accosted while sitting in cars located in large parking lots. The victims were driven to remote spots in Dade County where the *458 woman was raped on the hood of the car. Then both the man and woman were shot with 45 caliber bullets and left for dead. The similar fact evidence was relevant to prove the identity of Appellant in the crimes charged. Although the amount of similar fact evidence introduced approaches the outer boundary of what is permissible before prejudice begins to outweigh probative value, we find the use of it made by the state here to be proper.
Since the similar fact evidence admitted by the trial court complied with the Williams standards, we find no reversible error. Accordingly, the judgment of the trial court is affirmed.
It is so ordered.
OVERTON, C.J., and ROBERTS, ADKINS, ENGLAND, SUNDBERG and HATCHETT, JJ., concur.