361 So.2d 726 (1978)
Adolfo Gerda DELAGADO, Appellant,
v.
STATE of Florida, Appellee.
No. 76-2325.
District Court of Appeal of Florida, Fourth District.
February 21, 1978.
Richard L. Jorandby, Public Defender, and Larry S. Weaver, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Paul H. Zacks, Asst. Atty. Gen., West Palm Beach, for appellee.
CRAWFORD, GRADY L. (Ret.) Associate Judge.
Appellant, convicted of manslaughter, appeals on the ground that the State had not proved beyond a reasonable doubt that he did not act in self-defense.
The State relied exclusively on Appellant's statement, which was to the effect, that he, the deceased and a third man were listening to music and drinking in appellant's apartment. The other two men started arguing. Appellant quieted them. Appellant then went to the bathroom and the two men started threatening him. Neither of the men were armed but one man did have possession of a bottle. Appellant returned from the bathroom with a gun, told the two men to leave and they proceeded to *727 call him names. Appellant then stated that he "shot Juan to scare him." He fired several more shots and ran.
Appellant killed one unarmed man and wounded the second because they verbally abused him. There is no self-defense here.
"In order to justify a homicide on the ground of self-defense the situation must be such as to induce a reasonably prudent person to believe that danger was imminent and that there was a real necessity for the taking of life. O'Steen v. State, 1927, 92 Fla. 1062, 111 So. 725. When threats are considered in relation to the defense that the accused killed in self-protection, there must be evidence of an overt act which would induces a reasonable belief that the threatened person will lose his life or sustain serious bodily injury unless he immediately takes the life of his adversary. State v. Coles, Fla. 1956, 91 So.2d 200. The law disparages the kind of `self-defense' which would subject human life to `the mercy or cowardice or capricious impulse of one whose easily awakened fear prompts him, who is armed with a deadly weapon, to strike upon what at best may be called a hostile demonstration on his victim's part.' Collins v. State, 1925, 88 Fla. 578, 102 So. 880, 881." Darty v. State, 161 So.2d 864, 872-73 (Fla.2d DCA 1964). (emphasis added).
Appellant's second point is that the following prosecutorial comment improperly referred to the appellant's right to remain silent:
"I say to you in this particular case I don't think you have a lack of evidence in this case. You have a total case. You have heard just about from everybody in this case. Let me say to you that you don't have an insufficiency of evidence to reach a decision on in this particular case." (T. 263).
In view of the quoted statement, appellant's argument is highly contrived. While the statement may imply that not everyone was heard from, any such implication would appear to refer to a police officer who failed to show up for the trial and whose name was called by the bailiff, or to the "other man" who was with appellant and decedent. The comment does not imply that appellant has failed to testify.
Therefore, the judgment of the trial court should be
AFFIRMED.
ANSTEAD and DAUKSCH, JJ., concur.