367 So.2d 1119 (1979)
Lee Hiram MARTIN, Appellant,
v.
STATE of Florida, Appellee.
No. LL-242.
District Court of Appeal of Florida, First District.
March 2, 1979.
*1120 Michael J. Minerva, Public Defender, and Louis G. Carres, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Miguel A. Olivella, Jr., Asst. Atty. Gen., for appellee.
BOOTH, Judge.
The primary issue presented on this appeal is whether a pistol is a "firearm" within the meaning of section 790.001(6), Florida Statutes (1977). Applying established principles of statutory construction, we conclude that it is and affirm.
Appellant argues that the technical definition of "firearm" given in Chapter 790 does not include a pistol because section 790.001(6) defines firearm as "any weapon ... which will ... expel a projectile by the action of an explosive," and yet section 790.001(5)(a) excludes "[s]hotgun shells, cartridges, or ammunition for firearms" from the definition of "explosive." Thus, according to appellant, a pistol, because it expels a projectile by the action of firearm ammunition, is not a "firearm" within the meaning of the statute. We reject this interpretation.
Undoubtedly penal statutes must be strictly construed. However, they must not be construed so strictly as to emasculate the statute and defeat the obvious intention of the legislature. State v. Hooten, 122 So.2d 336 (Fla.2nd DCA 1960); Associated Dry Goods Corp. v. Dept. of Revenue, 335 So.2d 832 (Fla.1st DCA 1976). The Supreme Court of Florida recently reiterated in Griffis v. State, 356 So.2d 297 (Fla. 1978), that a statute should be construed so as to give effect to the evident legislative intent, "regardless of whether such construction varies from the statute's literal meaning." It is fundamental that a statute should not be construed to bring about an unreasonable or absurd result. Sharon v. State, 156 So.2d 677 (Fla.3d DCA 1963); State v. Babun, 233 So.2d 171 (Fla.3d DCA 1970). Adoption of appellant's position would lead to an absurd result here in that it would exclude pistols, shotguns, rifles, and any other commonly considered firearms from the statutory offenses involving firearms. We cannot presume that the legislature intended to enact such purposeless, useless legislation. Sharer v. Hotel Corp. of America, 144 So.2d 813 (Fla. 1962); Carlile v. Game and Fresh Water Fish Commission, 354 So.2d 362 (Fla. 1977).
Section 710.001, Florida Statutes (1977) states that the definitions given in that section are to apply to the words used in the chapter, "except where the context otherwise requires." Reading the various provisions of the Chapter in context, we conclude that the exclusions from the definitions of "explosive" given in section 790.001(5)(a)-(d) do not apply to the term "explosive" as used in the definition of "firearm" given in section 790.001(6). The legislature by its subsequent enactment of Chapter 78-200, Laws of Florida, has expressly codified this construction.
Appellant's other point being without merit, the judgment and sentence are AFFIRMED.
McCORD, C.J., and MELVIN, J., concur.