395 So.2d 235 (1981)
Brenda C. SMILEY, Appellant,
v.
STATE of Florida, Appellee.
No. TT-357.
District Court of Appeal of Florida, First District.
March 10, 1981.
Rehearing Denied March 13, 1981.
Brian T. Hayes, Monticello, for appellant.
Jim Smith, Atty. Gen., Wallace E. Allbritton, Asst. Atty. Gen., and Dan McKeever, Asst. State Atty., for appellee.
*236 SHIVERS, Judge.
Defendant appeals from her conviction and sentence for attempted first degree murder. We affirm.
From the conviction and sentence, defendant raises the following points on appeal:
(1) Whether the trial court erred in refusing to instruct the jury on the elements of self defense?
(2) Whether defendant's motion for mistrial should have been granted because of improper comments by the State during final argument?
(3) Whether there was error in allowing the jury to consider proof of attempted murder with a "firearm" where the Information alleged only the use of a .22 caliber pistol?
(4) Whether the imposition of the mandatory minimum sentence under Section 775.087, Fla. Stat., was lawful when the Information did not charge the commission of a crime with a firearm?
Defendant, Brenda C. Smiley, was charged by Information with attempted first degree murder after she shot her husband, John Smiley, with a .22 caliber pistol four times in the early morning hours of July 6, 1979, at their home while he was asleep. Other than the defendant and her husband, there were no witnesses to the shooting. Although the defendant initially reported to the police that her husband had been shot by a burglar who had also assaulted her, she later admitted through her counsel at trial that she shot her husband and gave a false report to the police. The defendant did not testify at trial. Instead, she introduced evidence that the parties had a "stormy marriage," which included bouts of "overdrinking" by her husband and previous threats and beatings by John Smiley against the defendant. After testifying that the defendant shot him several times with his .22 caliber pistol while he was sleeping, John Smiley denied being an alcoholic and further denied either threatening or beating the defendant over the course of the marriage. He testified that immediately prior to the shooting, the parties did not have an argument and he did not threaten the defendant. Defendant was subsequently convicted of attempted first degree murder with a firearm and sentenced to seven years in prison.
First, the defendant contends that the trial court erred in refusing to instruct the jury on the elements of self-defense although the jury was instructed on justifiable homicide and use of deadly force. She argues that there was sufficient evidence to justify the self-defense instruction in light of testimony concerning the violent character of John Smiley and his prior assaults and threats upon the defendant.
We conclude that the trial court did not commit reversible error in refusing to instruct the jury on the elements of self-defense. A person is justified in the use of deadly force to defend himself only if he reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself. Section 776.012, Fla. Stat.; State v. Coles, 91 So.2d 200 (Fla. 1956). When considering the matter of threats in relation to proof of self-defense, there must be some evidence of an overt act expressing an intention to immediately execute the threats so that the person threatened has a reasonable belief that he will lose his life or suffer serious bodily harm if he does not immediately take the life of his adversary. Delagado v. State, 361 So.2d 726 (Fla. 4th DCA 1978); Coles, supra. However, in order to be entitled to instruction on self-defense, there must be some evidence that the defendant acted out of self-defense.
If any evidence of a substantial character is adduced, either upon cross-examination of State witnesses or upon direct examination of the defendant and/or his witnesses, the element of self-defense becomes an issue, and the jury, as the trier of the facts, should be duly charged as to the law thereon, because it is the jury's function to determine that issue. Kilgore v. State, 271 So.2d 148, 152 (Fla. 2d DCA 1973).
*237 In the present case, there is no evidence in the record that defendant shot her husband in self-defense. The defendant and her husband were the only witnesses to the shooting and the defendant did not testify. The uncontradicted testimony at trial was that the defendant began shooting her husband while he was sleeping in bed. Two of the four bullets that struck John Smiley entered his body in the back of the head and shoulder. Although there was evidence that the parties had a stormy marriage and conflicting evidence as to threats by John Smiley against the defendant in the past, there was no evidence of an argument or threats on the night of the shooting and no evidence that the defendant was threatened with imminent death or serious bodily harm by her sleeping husband at the time she shot him.
As to the second point on appeal, the defendant contends the trial court erred in denying her motion for mistrial which was based upon the State's improper comments during final argument on the defendant's failure to testify. From the transcript of the closing arguments, the defendant directs our attention to the following statements by the Assistant State Attorney:
My position is, so that we are perfectly clear with one another, that the State's case, and Mr. Hayes' cross-examination, and in Mr. Hayes' witnesses, in none of that evidence have you heard any reason, any justification whatsoever for shooting a man in his sleep... . Not only does John Smiley say that ain't the way it went down, but none of the evidence and none of the doctor's testimony supports that kind of thing. That is how you know that we are talking about a man who was shot in the bed... . Well, I repeat what I said to you in the beginning, if you have heard any testimony from any witness that would justify shooting that man in his sleep because he had a drinking problem then you need to acquit this woman.
The trial court did not err in denying defendant's motion for mistrial because the above quoted statements during closing argument do not constitute improper comments on the defendant's failure to testify at trial. A prosecutor may comment on the uncontradicted or uncontroverted nature of the evidence and may point out that there is an absence of evidence on a certain issue during closing argument to the jury. White v. State, 377 So.2d 1149 (Fla. 1980). Here, the State was not referring to defendant's failure to testify. Instead, the statements refer to the evidence as it existed before the jury and were directed to the lack of justification for the shooting of defendant's husband. Moreover, it was the duty of the State to point out to the jury the absence of evidence to justify the shooting. See Smith v. State, 378 So.2d 313 (Fla. 5th DCA 1980).
Defendant also objected to the trial court allowing the jury to consider proof of attempted murder with a firearm because the information only charged the defendant with attempted first degree murder with a ".22 caliber pistol." She argues that a .22 caliber pistol is not a "firearm" as that term is described in Section 790.001(6), Fla. Stat., and therefore she was convicted of a crime for which she was not tried. Additionally, she argues that since a pistol is not a "firearm," the trial court improperly imposed the prescribed mandatory prison sentence for persons convicted of a felony in which a weapon or a firearm was used under Section 775.087, Fla. Stat.
We find no merit to defendant's arguments. A pistol is clearly a "firearm" within the meaning of Section 790.001(6), and the failure to allege that the .22 caliber pistol was a firearm does not invalidate the Information. Martin v. State, 367 So.2d 1119 (Fla. 1st DCA 1979); Harris v. State, 370 So.2d 74 (Fla. 2d DCA 1979); Thorpe v. State, 377 So.2d 221 (Fla. 1st DCA 1979). Since a pistol is a firearm and the defendant was found guilty of attempted first degree murder with a firearm, the trial court lawfully imposed the mandatory minimum sentence under Section 775.087, Fla. Stat. Bryant v. State, 386 So.2d 237 (Fla. 1980).
*238 Therefore, it is ordered that the appeal from the judgment of conviction and sentence is AFFIRMED.
ERVIN and LARRY G. SMITH, JJ., concur.