HARRIS, Judge,
dissenting.
I respectfully dissent. I perceive the test not to be whether the defense of self defense was negated by the State’s evidence during its case in chief, but rather whether the State’s evidence demonstrated as a matter of law that appellant acted in self defense. See State v. Henderson, 521 So.2d 1113 (Fla.1988). Since I find that the State’s case did not prove self defense, I think the issue of whether the defense was negated beyond a reasonable doubt was properly determined by the fact finder.
To determine if the State’s case established self defense, we must consider only that evidence presented during the State’s case. And, since we are dealing with a motion for judgment of acquittal, appellant admits all facts favorable to the State that a fact finder might fairly and reasonably infer from the evidence. Brewer v. State, 413 So.2d 1217 (Fla. 5th DCA 1982), rev. denied, 426 So.2d 25 (Fla.1983). While the record reveals that the victim was often violent, aggressive — even vicious — and that appellant had good reason to fear her, it also shows that on the evening of the killing the victim was drunk. The fact finder could properly find that at the time of the shooting, the victim posed no immediate danger to appellant.
Even if the castle doctrine applies, and there is some doubt as to that, that does not automatically justify the shooting.[1] Although one witness stated that the victim said, “You go ahead and get your little gun cause I’m gonna kill you both,” the same witness stated that the victim remained near the door and does not recall the victim advancing toward the appellant. When considering the matter of threats in relation to proof of self defense, there must be some evidence of an overt act expressing an intent to immediately execute the threats so that the person threatened has a reasonable belief that he will lose his life or suffer serious bodily harm if he does not immediately take the life of his adversary. See Smiley v. State, 395 So.2d 235 (Fla.1981).
All of the witnesses during the State’s case testified that the victim stood in or near the doorway leading from the porch into the house and there is no testimony *341 that she posed imminent danger to appellant.[2] Appellant on the other hand, once armed, advanced two or three steps up the porch to shoot the victim.
One of the witnesses was asked why he thought the shooting had occurred. He responded:
Because she knew that if she wouldn’t have shot Erica like that there, that she — all Erica was going to do was come back the next day and beat her up. See?
While a preemptive strike might be good military strategy, it does not constitute self defense. In any event, the issue properly should have been decided by the fact finder.
I would AFFIRM.

. Appellant was not the owner or the renter of the premises. Although she was staying there with the consent of the "girl friend” of the renter, there is no indication that she was there with the renter's consent. In fact, it appears that the renter "put them out” of the house a few days before the killing. The fact finder could have found that appellant was not "in [her] own home or on [her] own premises.”

. When asked if the victim was threatening with the knife, Ms. Poole testified that "she just had it in her hand.... She just had the knife up like this standing there talking.” When appellant took possession of the gun she was several feet away from the victim — certainly well out of stabbing range.