DIAMANTIS, Judge.
Appellant Dennis Cooper appeals his conviction on two counts of possession of a motor vehicle with a removed vehicle identification number in violation of section 319.33(1)(d) of the Florida Statutes (1989). We affirm.
Section 319.33(1)(d) provides that it is an offense to possess a motor vehicle “on which the motor number or vehicle identification number has been ... removed ... with knowledge of such ... removal — ” [1] The evidence reveals that on two different dates the appellant possessed a motor vehicle with the visible identification number removed. The evidence also shows that the appellant’s vehicle did not have a visible identification number on the driver’s side of the dash, on the area of the back side of the driver’s door, or at any other area where manufacturers place the visible number. The trial court instructed the jury that it is “unlawful to possess in this state a motor vehicle on which a vehicle identification number has been ... removed. ...”
Appellant contends that the trial court’s refusal to grant his request for an instruction which refers to the removal of “the” vehicle identification number and to instead instruct the jury that it is illegal to remove “a” vehicle identification number was erro *490 neous because, even if the visible vehicle identification number has been removed from a vehicle, it is legal to possess a vehicle as long as the concealed vehicle identification number remains on the vehicle. We reject this contention.
It is clear that the legislative intent for section 319.33(1)(d) was to provide for ready ascertainment of a vehicle identification number in order to deter thefts and that removal of the visible identification number is a violation of this section even if the concealed identification number is not removed. To accept appellant’s interpretation would render the statute of little or no effect. The statute refers to removal of the vehicle identification number and not to removal of the vehicle identification numbers. It would take a very convoluted statutory construction to interpret the words “the vehicle identification number” to read “the vehicle identification numbers”. Although a penal statute must be strictly construed, it must not be construed so strictly as to emasculate the statute and defeat the obvious intention of the legislature and bring about an unreasonable or absurd result. Martin v. State, 367 So.2d 1119, 1120 (Fla. 1st DCA 1979). A statute should be construed so as to give effect to the evident legislative intent. Griffis v. State, 356 So.2d 297, 299 (Fla.1978).
AFFIRMED.
GOSHORN, C.J., concurs.
DAUKSCH, J., dissents with opinion.

. Section 319.33(l)(d) makes it an offense to possess a motor vehicle on which the motor number or vehicle identification number has been destroyed, removed, covered, altered, or defaced with knowledge of such removal except as provided in section 319.30(3), which exception is not applicable.