778 So.2d 1080 (2001)
The CITY OF MARGATE, Appellant,
v.
Lutchman SINGH and Forfeiture of 1987 Mazda Truck, Appellee.
No. 4D00-1452.
District Court of Appeal of Florida, Fourth District.
March 7, 2001.
Eugene M. Steinfeld, Margate, for appellant.
Bradford M. Cohen of Bradford M. Cohen & Associates, P.A., Fort Lauderdale, for appellee.
KLEIN, J.
This is an appeal from an order dismissing a forfeiture action for failure to establish probable cause. We affirm.
A Margate police officer observed a customized 1987 Mazda pickup truck, which lacked a vehicle identification number (VIN) on the dash board, in the parking lot of an automobile repair shop. Two holes were visible where the VIN had previously been attached. The vehicle did not have a license plate either, and after observing a person exit the repair shop and start to drive the vehicle, the officer stopped it. The owner of the repair shop then came out and identified the vehicle as his. He produced the tag and a certificate of title.
The officer then looked on the driver's side door jam and observed a VIN sticker there which appeared to have been removed and replaced. He also looked underneath the hood and observed a VIN plate attached to the firewall of the engine compartment.
The City impounded the vehicle and, even though a teletype check showed the owner of the repair shop to be the owner, and the VINs to be consistent with the title, the City filed a complaint for forfeiture based on a violation of section 319.33, Florida Statutes (2000). The statute provides that it is unlawful for anyone to *1081 possess a motor vehicle "on which the motor number or vehicle identification number has been destroyed, removed, covered, altered, or defaced, with knowledge of such destruction ..." § 319.33(1)(d). The trial court found no probable cause for a violation of this statute, and the City appeals.
The City argues that the statute is violated if only one VIN plate is missing, and the fact that this vehicle had visible VINs on the firewall and the door jam is of no consequence. The City relies on Cooper v. State, 585 So.2d 489 (Fla. 5th DCA 1991). In Cooper the vehicle did not have a visible VIN on the dash board, on the driver's door jam, or anywhere else that manufacturers place the visible numbers. The defendant in Cooper was convicted of violating section 319.33(1)(d) and appealed, arguing that the court erred in instructing the jury that it is illegal to remove "a" vehicle identification number. He contended that even though all of the visible VINs had been removed, he had not committed a crime because a concealed VIN still remained on the vehicle. The majority rejected that contention, explaining:
It is clear that the legislative intent for section 319.33(1)(d) was to provide for ready ascertainment of a vehicle identification number in order to deter thefts and that removal of the visible identification number is a violation of this section even if the concealed identification number is not removed. To accept appellant's interpretation would render the statute of little or no effect. The statute refers to removal of the vehicle identification number and not to removal of the vehicle identification numbers. It would take a very convoluted statutory construction to interpret the words "the vehicle identification number" to read "the vehicle identification numbers". Although a penal statute must be strictly construed, it must not be construed so strictly as to emasculate the statute and defeat the obvious intention of the legislature and bring about an unreasonable or absurd result. Martin v. State, 367 So.2d 1119, 1120 (Fla. 1st DCA 1979). A statute should be construed so as to give effect to the evident legislative intent. Griffis v. State, 356 So.2d 297, 299 (Fla.1978).
Id. at 490.
The issue in the present case is whether, where only one of three visible VINs has been removed, the requirement of the statute, that "the" VIN has been removed, has been met. This case is accordingly distinguishable from Cooper, in which all visible VINs had been removed. We are unable to determine, from the wording of the statute, if the legislature intended to criminalize removal of one VIN, where others are intact and visible.
If the statute criminalized the removal of "a" VIN, it would be clear; however, the use of the word "the" makes it unclear as to whether the statute applies in this case. If a statute is "susceptible of differing constructions," it is construed most favorably to the defendant. § 775.021(1), Fla. Stat. (2000). Construing section 319.33(1)(d) most favorably to the appellant, we find no violation. Affirmed.
POLEN and SHAHOOD, JJ., concur.