GARRETT, Judge.
The state appeals the trial court’s dismissal of several counts of an amended information on the grounds of vagueness. It also appeals the discharge of the defendants for violation' of the speedy trial rule.
Between January 6th and 12th, 1989, the defendants Bill Frank, Michael Jebrock, Michael Wallach, Richard Tommasi, Leonard Jebrock, Robert Scorola and Peter Dippipo were arrested. Throughout the proceedings the defendants complained that the state had not complied with their requests for discovery. One of the defendants moved to dismiss the original information for vagueness and the others adopted the motion. On May 12, 1989, the trial court granted the motion and dismissed several counts. The state never moved to extend the speedy trial period. On July 3, 1989, one of the defendants moved for discharge pursuant to the speedy trial rule and the others adopted the motion. On July 6, 1989, the state re-filed the information. The defendants again moved to dismiss for vagueness and on July 10, 1989, the trial court dismissed counts 2, 3, 4 and 89 through 144 for vagueness. On July 12, 1990, the trial judge found that speedy trial violations had occurred, discharged all the defendants and stated as part of his final comments:
There is still evidence that has not been disclosed. There are taped statements of witnesses, there is immunity agreements, plea agreements. These things have not been provided and at this point I would find that the defense does not have the time to review all the materials that has even [sic] been presented late and to properly defend upon that.
[[Image here]]
Now the State has had a year and a half before they filed this case to get things ready. They haven’t.
We affirm. The speedy trial discharge is the dispositive issue. We need not address whether or not the dismissed counts of the amended information were vague, but if we did, we would first have to address the validity of an amended information filed after the speedy trial period had expired.
The speedy trial time as to the defendants continued to run although the original information had been dismissed. The supreme court has “rejected] the notion that criminal defendants are to be penalized for moving to dismiss an indictment, and certainly not where the motion is sufficiently well-taken to elicit a favorable ruling from the trial court.” Tucker v. State, 357 So.2d 719, 720-1, n. 7 (Fla. 1978). “The right to test the legality of the state’s [information] and the right to a speedy trial are independently guaranteed, and we cannot accept a construction of our rules that would force a defendant to risk one to obtain the other.” Id.
Likewise, the right to discovery and a speedy trial are independently guaranteed. At the time of the discharge, the trial judge found that discovery violations existed which affected each defendant’s ability to be ready for trial. “Discovery must be furnished with sufficient time to permit [a] defendant to make use of it without having to forfeit his right to a speedy trial....” George v. Trettis, 500 So.2d 588, 589 (Fla. 2d DCA 1986). A defendant cannot be forced to choose between his right to have discovery and an adequate time to utilize it in preparing for trial and his right to a speedy trial. See Granade v. Ader, 530 So.2d 1050, 1051 (Fla. 3d DCA 1988) and State v. Brown, 527 So.2d 209, 210 (Fla. 3d DCA 1988).
AFFIRMED.
GUNTHER, J., and WALDEN, JAMES H. (Retired), Associate Judge, concur.