PETERSON, Judge.
Craig A. Brown, who was found guilty of attempted second-degree murder, appeals the denial of his motion for a new trial. The motion followed the prosecutor’s comment during closing arguments that a person with six criminal convictions, like Brown, was “prone to be a little hotheaded, maybe a little irrational, maybe go over the handle a little bit.” While no evidence was before the court as to what crimes were committed that led to the prior convictions, the comment suggests that the prior convictions were violent in nature, thus showing the propensity of Brown to commit the instant offense, shooting the victim following a discussion about $30 owed by Brown to the victim.
A defendant’s prior felony convictions are admissible to impeach his credibility, but they are inadmissible to show propensity. In Gore v. State, 573 So.2d 87 (Fla. 3d DCA 1991), the court stated the applicable law:
Once [the appellant] admitted that he had been convicted of prior crimes, including crimes involving dishonesty or false statement, the state could go no further. However, such error is subject to a harmless error analysis. Blasco v. State, 419 So.2d 807 (Fla. 3d DCA 1982).
Gore, at 90 (citations omitted). The comment in this ease was particularly critical because of the two uncorroborated and opposite versions of the events leading to the shooting. The victim’s version indicated that Brown simply turned around and shot him after a peaceful and unemotional discussion about the repayment of the $30. Brown, on the other hand, testified that, a few weeks prior to the shooting, the victim and another man had severely beaten him because of a debt he owed the victim for a previous drug purchase. The beating resulted in Brown’s hospitalization and one of his eyes being bandaged. On the day of the instant event, his eye was still bandaged, and Brown testified that, after he advised the victim that he had no money to repay the debt, the victim swung a bottle at him and hit him in his good eye with a gun that the victim pulled from his pocket. Blinded by the blow, Brown pulled his gun from his pocket and shot wildly, wounding the victim. Under these facts, the prosecutor’s comments, calculated to show bad character or a propensity for violence based upon unspecified previous convictions, constituted harmful error and were irrelevant to any material fact in issue. See Wilt v. State, 410 So.2d 924 (Fla. 3d DCA 1982).
We reverse the judgment, vacate the sentence, and remand for a new trial.
REVERSED and REMANDED.
W. SHARP and GOSHORN, JJ., concur.