PER CURIAM.
This case is before us on an original petition for writ of habeas corpus. We deny the petition.
On July 2, 1986, petitioner, Larry L. Bland, was charged by information with one count of burglary and one count of attempted sexual battery. A jury found petitioner guilty of the burglary count and
not guilty of the attempted sexual battery count. Petitioner filed a direct appeal from his conviction and sentence which was per curiam affirmed by this court in Bland v. State, 513 So.2d 1064 (Fla. 1st DCA 1987). Petitioner next filed a motion to set aside judgment and sentence pursuant to Florida Rule of Criminal Procedure 3.850 which was denied by the trial court and affirmed by this court. Bland v. State, 563 So.2d 794 (Fla. 1st DCA 1990).
Petitioner now asserts, for the first time, that the information under which he was charged is fundamentally defective in that it fails to allege “intent to commit an offense therein,” an essential element of the crime of burglary. The burglary count specifically provided that petitioner:
did unlawfully and without consent enter or remain in a structure, to wit: a dwelling, located at 2209 W. Jordan Street in the County and State aforesaid, the property of Wanda English as owner or custodian thereof, Larry Lafayette Bland did make an assault upon another person, to wit: Wanda English by choking her in violation of Sections 810.02(1) and 810.02(2)(a), Florida Statutes.
With respect to petitioner’s claim that the information is fatally defective, we find the Florida Supreme Court’s decision in DuBoise v. State, 520 So.2d 260 (Fla.1988), to be controlling. In that case, the state cross appealed the post-trial order of arrest of judgment which claimed that the second count of the indictment for sexual battery was deficient in that it failed to allege an essentia] element of the crime — the use of actual force. In DuBoise, the Florida Supreme Court vacated the order and held that where a charging document specifically references a statute which specifies all the elements of the offense, a defendant is placed on adequate notice of the elements of the crime charged. Id. at 265.
In the present case, as the information under which petitioner was charged made reference to Sections 810.02(1), and 810.-02(2)(a), Florida Statutes, which specifically define the essential elements of the crime of burglary, we hold that petitioner was placed on adequate notice of the crime *1223 charged. Therefore, the petition must be denied.
DENIED.
SHIVERS, BOOTH and MINER, JJ., concur.