PER CURIAM.
We reverse Appellant’s conviction on the authority of Richardson v. State, 246 So.2d 771 (Fla.1971) and remand for a new trial. The trial court allowed the State, over objection, to call an eye witness not listed on pretrial discovery. The State had mistakenly listed Scott Chapman on the witness list but omitted Burgess Chapman, the actual witness.
A very limited inquiry was conducted with respect to the discovery violation. The court allowed Burgess Chapman to testify, concluding that there was no apparent prejudice because the defendant had the police reports, had conducted no formal discovery, and had only talked to Scott Chapman in the hall shortly before trial. Nothing indicates, however, that the defense was on notice that Burgess Chapman would be a witness. The trial court, rather than simply overruling the defense objection and proceeding, should have offered Appellant the opportunity for a recess in order to question the witness and, if necessary, to seek a continuance. The alternative is to exclude the witness. There is no need to address the other issues on appeal which are now moot.
STONE and FARMER, JJ., concur.
GUNTHER, J., dissents without opinion.