626 So.2d 1056 (1993)
Harvey Irving HAHN, Appellant,
v.
STATE of Florida, Appellee.
No. 92-1651.
District Court of Appeal of Florida, Fourth District.
November 10, 1993.
*1057 Richard L. Jorandby, Public Defender, and Cherry Grant, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sarah B. Mayer, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Harvey I. Hahn appeals his conviction for attempted second degree murder, raising three separate points on appeal. Hahn contends that the trial court erred in not conducting a Richardson hearing for a discovery violation, in overruling his objections to an unfair character attack on one of his witnesses, and allowing the state to proceed to trial on an amended information filed the morning of trial. As Hahn correctly asserts error on all three points, we reverse.
On February 13, 1992, Hahn pled not guilty to a charge of aggravated battery and filed a demand for discovery. On February 19, 1992, he filed a demand for speedy trial. The state timely filed an answer to discovery, including a potential witness list. On March 31, 1992, the date Hahn's trial was scheduled to begin, the state filed an amended information, substituting the charge of attempted second degree murder.
At trial, the state called two witnesses who were not listed on the state's discovery response. Hahn objected to the witnesses being called and asked that they be excluded. The court overruled Hahn's objections based on the belief that the rules of discovery do not apply once a demand for speedy trial has been filed, and that Hahn could have found the witnesses through diligent search.
Contrary to the state's assertions, the invocation of the right to speedy trial does not negate the state's continuing discovery obligation. See State v. Frank, 573 So.2d 1070, 1071 (Fla. 4th DCA 1991) (holding that a defendant cannot be forced to choose between the right to have discovery and an adequate time to use it in preparing for trial, and the right to speedy trial). Thus, we hold that in accordance with Richardson v. State, 246 So.2d 771 (Fla. 1971), the court was required to conduct a hearing to first determine whether a discovery violation occurred, and then to assess whether the violation was inadvertent or willful, trivial or substantial, and whether it prejudiced the opposing parties' ability to prepare for trial. Id.
At bar, the sole inquiry made by the judge below was whether the witness was generally known to the defendant. This inquiry does not comport with the specific requirements of a Richardson hearing, and does not alleviate the lower court's duty to *1058 inquire into whether the violation was purposeful, substantial or impaired Hahn's ability to prepare for trial. Further, the state has a continuing duty to disclose witnesses, regardless of whether the defendant could obtain this information by another means. See Rainey v. State, 596 So.2d 1295 (Fla. 2d DCA 1992) (holding that even though the defendant knew the witness's name and failed to depose him, the state was still required to disclose the witness's statement); In re N.P.C., 610 So.2d 744 (Fla. 4th DCA 1993) (reversing when discovery incorrectly listed witness, even though the witness was correctly referred to in the police report). Thus, we hold that the trial judge erred in not conducting an adequate Richardson hearing, and reverse and remand for that purpose.
We also find error on the part of the court below in overruling the defendant's objection to the state's improper character attack of one of its witnesses. At trial, the prosecutor specifically asked the victim's prior lover (the defendant's sister, Kathy) whether she was "having sex with a man out of wedlock whose last name she didn't even know." The error was heightened when the prosecutor argued during closing argument:
Who's Kathy? She's a woman who's sleeping with a man who doesn't even know his name, she a woman who wants you to believe that she's going to come into this court  and tell the truth about Bill... .
Although the witness's affair alone might be relevant to show the bias of the witness in accordance with section 90.608(1)(b), Florida Statutes, whether the witness slept with the victim without knowing his last name is impermissibly calculated to show bad character and question the witness's morals. See Dukes v. State, 356 So.2d 873 (Fla. 4th DCA 1978) (disapproving the behavior of the state in asking a witness whether she was a prostitute, and arguing that such persons are not worthy of belief); and Brown v. State, 580 So.2d 327 (Fla. 5th DCA 1991) (questions/comments calculated to show bad character are irrelevant). As "Kathy" was a crucial eye witness to the stabbing giving rise to the charges against Hahn, discrediting her in front of the jury was prejudicial to Hahn's defense. Compare Lopez v. State, 264 So.2d 69 (Fla. 3d DCA), cert. denied, 268 So.2d 161 (Fla. 1972) (standing for the general rule that evidentiary rulings do not constitute prejudicial error, if they do not prejudice the defendant in front of the jury). Thus, reversal based upon this point on appeal is warranted as well.
Finally, Hahn asserts that the lower court erred in overruling his objection to an amended information filed the day of trial charging him with attempted second degree murder instead of aggravated battery. A defendant should not be forced to make the choice between the right to speedy trial and the right to adequately prepare his case, and knowing the crimes with which he is charged. Oliver v. State, 569 So.2d 1332 (Fla. 1st DCA 1990) (stating that as the appellant had prepared for trial on the information initially provided, he was under no obligation to forego his right to trial in order to accommodate the state's circumvention of the Florida Rules of Criminal Procedure).
Further, in Washington v. State, 378 So.2d 852 (Fla. 4th DCA 1979) we expressly disapproved a substantive amendment of an information on the day of trial, when the amendment prejudiced the defendant. In Washington, the state amended the information on the day of trial from burglary and grand theft to dealing in stolen property. This change was prejudicial, since the elements of the crime were different, even though the new charge arose from the same transaction as the one originally charged. See also Turner v. State, 376 So.2d 429 (Fla. 1st DCA 1979) (defendant's right to a fair trial was compromised by a day of trial amendment, changing the date of the crime and the degree of the crime from a misdemeanor to a felony); Molina v. State, 561 So.2d 425 (Fla. 3d DCA 1990) (finding prejudice in a day of trial amendment, changing the charge from disorderly intoxication, a violation of a state statute, to disorderly conduct, a violation of a municipal ordinance). At bar, prejudice resulted, as the amendment was to the advantage of the state in that aggravated battery is a specific intent crime, whereas second degree murder only requires a general intent. In addition, even though the charge *1059 remained a second degree felony, the penalty guidelines increased from a category four to a category one, substantially increasing the permitted sentence range. As the substantive change resulted in prejudice to the defendant, we reverse and remand for a new trial based on this point on appeal as well.
GLICKSTEIN, POLEN and FARMER, JJ., concur.