636 So.2d 844 (1994)
Michael Lee STATON, Appellant,
v.
STATE of Florida, Appellee.
No. 94-239.
District Court of Appeal of Florida, Fifth District.
May 6, 1994.
William F. Catto of Haag, Gaffney & Wilcox, P.A., Inverness, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carmen F. Corrente, Asst. Atty. Gen., Daytona Beach, for appellee.
PETERSON, Judge.
Michael Lee Staton appeals the trial court's denial of his motion to correct sentence. He contends that the trial court erred by failing to vacate the portion of his sentence which imposed a three year minimum mandatory term of incarceration because the information did not specifically charge the mandatory minimum provisions of section 775.087(2), Florida Statutes (1991).
The information charged Staton with kidnapping and that:
... during the commission of said kidnapping, MICHAEL LEE STATON carried, displayed, used, threatened or attempted to use a weapon or firearm, to wit: A handgun-type firearm, in violation of Florida Statutes 787.01(1) and 775.087(1);
Staton entered a plea of nolo contendere to this charge after the following transpired at the sentencing hearing:
THE COURT: Did you [sic] attorney tell you the maximum sentence you could receive for these charges?
DEFENDANT: Yes, he did, your Honor... .
THE COURT: What did he tell you?
DEFENDANT: It's a three year minimum mandatory, sir.
In Bryant v. State, 386 So.2d 237, 241 (Fla. 1980), the supreme court ruled that "under Florida law ... there is no requirement *845 that a defendant be advised [in the charging document] of any mandatory minimum sentence." Notwithstanding, Staton urges that Bryant is not the current state of the law because of changes occurring in intervening years as reflected by such cases as Sullivan v. State, 562 So.2d 813 (Fla. 1st DCA 1990); Bland v. Singletary, 601 So.2d 1222 (Fla. 1st DCA 1992); DuBoise v. State, 520 So.2d 260 (Fla. 1988); Gordon v. State, 603 So.2d 512 (Fla. 1st DCA 1992); Helmick v. State, 569 So.2d 869 (Fla. 2d DCA 1990).
We find those cases inapplicable to the issue raised by Staton. Those cases involved a failure to charge an essential element of a crime. The instant case involves a penalty for the conviction of a felony committed with the employment of a firearm. The information alleged that Staton carried a firearm while he was committing the crime of kidnapping and that is all that is required in order to incur the penalty of a three year minimum mandatory if conviction results. Section 775.087(2), Florida Statutes, simply imposes a penalty for a conviction in the same manner as the penalties described in section 775.082, Florida Statutes. No requirement exists that would require the latter penalties to be described in an information and we see no reason to require the former to be included.
The order denying Staton's motion to correct sentence is affirmed.
AFFIRMED.
HARRIS, C.J., and DIAMANTIS, J., concur.