664 So.2d 262 (1995)
Kenneth S. YELVINGTON, Appellant,
v.
STATE of Florida, Appellee.
No. 94-1386.
District Court of Appeal of Florida, First District.
September 22, 1995.
Rehearing Denied January 5, 1996.
Nancy A. Daniels, Public Defender and Carl S. McGinnes, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General and William J. Bakstran, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant, Kenneth S. Yelvington, alleges error in the trial court's denial of his motion to dismiss an amended information filed the day before trial. We affirm.
An information filed in September 1993 charged appellant with the crime of sexual battery of a child under the age of twelve. The information alleged the offense occurred between the dates of September 1, 1989, through June 30, 1990. On January 4, 1994, the state filed a notice of intent to rely upon out of court statements made by the alleged victim to her aunt, and to two professionals who interviewed the child. On January 12, 1994, appellant filed a motion for a statement of particulars as to the time period alleged in the information. The state did not respond to the defense motion which sought a narrowing of the time period alleged in the information. Rather, January 24, 1994, the day of jury selection, the state filed an amended information expanding the time frame of the sexual battery alleged in count one to "between the dates of October 4, 1986 and October 4, 1991." The amended information added a second count of lewd or lascivious act in the presence of a child under the age of sixteen, this offense allegedly occurring between the dates of October 4, 1986, and July 28, 1993. The trial took place the following day.
Before trial commenced, defense counsel announced for the record his previously unrecorded arguments made in opposition to the trial court's ruling which permitted the state to file the amended information on the eve of trial. Appellant then entered a not guilty plea to count one of the amended information, and a no contest plea to count two. Defense counsel explained the no contest plea was entered, because the defense of count one would be prejudiced by trial of count two. Appellant specifically reserved the right to appeal the trial court's denial of the motion to dismiss the amended information.
The case proceeded to trial on the count one charge of sexual battery. The jury was unable to reach a verdict, and a mistrial was declared. On April 20, 1994, appellant was adjudicated guilty of the count two charge of lewd assault. The trial court imposed a sentence of 3 1/2 years of incarceration, to be followed by 10 years of probation. The next day, the state formally announced a nolle prosequi with respect to count one.
Appellant relies upon four decisions from *263 this court[1] which he maintains require us to reverse the trial court's ruling in this case. The cited cases are distinguishable in that they involve the accused's right to speedy trial, or the denial of a motion for continuance. We do not condone the action of the prosecutor in this case in adding a new charge the day before trial was scheduled to commence. Appellant should not have been forced to go to trial under these circumstances, and was entitled to a continuance when the trial court permitted the state to amend the information. However, appellant failed to move for a continuance, and his motion to dismiss did not assert a possible violation of his right to speedy trial.
Accordingly, we must affirm the trial court's ruling.
BOOTH, JOANOS and WOLF, JJ., concur.
NOTES
[1] See Oliver v. State, 569 So.2d 1332 (Fla. 1st DCA 1990); Brown v. State, 424 So.2d 950 (Fla. 1st DCA 1983); Harley v. State, 407 So.2d 382 (Fla. 1st DCA 1981); Turner v. State, 376 So.2d 429 (Fla. 1st DCA 1979).