WARNER, Judge.
The appellant challenges his convictions for grand theft and perjury, claiming that he was entitled to discharge on speedy trial grounds as the speedy trial time period ex *699 pired before the state filed the instant charges against him. Based on the state’s concession that these charges were part of the same criminal episode as earlier filed charges, we agree and reverse.
The appellant was arrested on April 8, 1994, on the charge of acting as a bail bondsman with a revoked license. On October 8, 1994, appellant filed a motion noting expiration of the speedy trial period, it having been 175 days after the arrest. A trial was set for October 10, 1994, within the 15-day window provided by Florida Rule of Criminal Procedure 3.191. On October 6, 1994, 181 days after his initial arrest, an information was filed charging appellant with grand theft of money and perjury arising out of the same two-day episode as the bail bondsman charges. On October 10, 1994, when appellant appeared for trial on the first charge, the state asked that appellant be arraigned on the new charges, that the new charges be consolidated with the first charge, and that the trial on all the charges proceed that day. The trial judge, pointing out that appellant was standing on his speedy trial rights as to the first charge, denied the motions, expressing the belief that appellant should not be forced to trial on the new charges which could have been filed at the same time the first charge was filed.[1]
Appellant was acquitted of the first charge. He then moved to dismiss the two remaining charges on speedy trial grounds. The trial court denied the motion, believing that the two new charges involved a separate episode from the bail bondsman charge.
At oral argument the state conceded that these charges arose from the same criminal episode as did the first charge of acting as a bail bondsman with a revoked license. That being the case, it is clear that the new charges from the episode were not filed within 175 days of the time of the first arrest, and appellant was not brought to trial on these charges within the speedy trial period as measured from the arrest of the appellant in April of 1994. Fla. R.Crim. P. 3.191. He is entitled to discharge under Florida Rule of Criminal Procedure 3.191(p). See Reed v. State, 649 So.2d 227 (Fla.1995).
Reversed and remanded with directions to discharge appellant.
KLEIN, J., and HAZOURI, FREDERICK A., Associate Judge, concur.

. At oral argument the state for the first time attempted to argue that this should have been treated as an amendment to the information. We reject this contention on procedural grounds as it was not timely raised. Substantively, however, the argument is not sound based on Hahn v. State, 626 So.2d 1056 (Fla. 4th DCA 1993), which appellant has provided us as supplemental authority.