KLEIN, J.
The trial court, at trial, allowed the state to amend the information to change the number of a statute referenced in the information as having been violated. Appellant argued that this was error because it increased his potential sentence. We affirm.
The information charged appellant with unlawfully committing
an assault upon Michael Antinick, a duly qualified and legally authorized enforcement officer of the Hallandale Police Department, knowing at the time that he was a law enforcement officer with a deadly weapon, to wit: a handgun, while Michael Antinick was in the lawful performance of his duties, without intent to kill, by brandishing a handgun in a threatening manner thereby placing him in fear of imminent violence, contrary to F.S. 784.021, F.S. 784.07(2)(c) and F.S. 775.057(L6)....
Section 784.021 is aggravated assault. Section 784.07(2)(c) reclassifies an assault committed on a law enforcement officer. The last statute set forth in the information, section 775.057 is nonexistent, and, according to the state, was a misnomer meant to be 775.087, reclassifying if a weapon is used.
Prior to opening statement defense counsel moved the court to rule that the defendant would not be subject to the three year minimum mandatory sentence of section 775.087 on the ground that it had not been alleged in the information. It was at that point that the state moved to amend to change the information from alleging section 775.057, a nonexistent statute, to section 775.087. Appellant was convicted of aggravated assault on a law enforcement officer with a firearm and sentenced to three years in prison.
Appellant relies on Hahn v. State, 626 So.2d 1056 (Fla. 4th DCA 1993) in which we disapproved an amended information filed on the day of trial charging the defendant with attempted second degree murder instead of aggravated battery. We concluded that the amendment was prejudicial, even though both crimes were second degree felonies and arose from the same facts alleged in the original information, because the elements of the crime *490 were different. Aggravated battery was a specific intent crime and second degree murder only required a general intent, making it easier for the state to prove its case. We also pointed out in Hahn that the penalty was substantially increased, which is the reason appellant is relying on Hahn in this case. We. find Hahn distinguishable because in Hahn we relied on both the different elements and the increased penalty, and in the present case the elements are the same, assaulting an officer with a gun.
The state relies on State v. James, 626 So.2d 259 (Fla. 5th DCA 1993), in which the information charged battery on a law enforcement officer, referring to the victim as a Sanford Police Department or a John E. Polk Correctional Facility. The trial court dismissed the information, although the state argued that “or” was simply a typographical error that should have been “of the,” and the fifth district reversed, finding that the information was sufficient to put the defendant on notice. The court explained that this type of typographical error should have been raised by way of pretrial motion, and footnoted Florida Rule of Criminal Procedure 3.140(o) which provides that no indictment or information should be dismissed for defects in form unless the court finds it “so vague, indistinct, and indefinite as to mislead the accused and embarrass him in the preparation of his defense.”
The state also relies on Staton v. State, 636 So.2d 844 (Fla. 5th DCA 1994) in which the defendant argued that he could not be given the mandatory minimum sentence required by section 775.087(2) because the information did not refer to the statute. Relying on Bryant v. State, 386 So.2d 237, 241 (Fla.1980)(no requirement that a defendant be advised in the charging document of any mandatory minimum sentence), the court held that the information did not have to include the sentencing statute.
We affirm based on Staton and Bryant as well as on the ground that the appellant was not prejudiced by the amendment.
GROSS and HAZOURI, JJ., concur.