820 So.2d 422 (2002)
Paul PEEVEY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-4256.
District Court of Appeal of Florida, Fourth District.
July 3, 2002.
*423 Carey Haughwout, Public Defender, and Susan D. Cline, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
On the morning of trial, the trial court permitted the state to amend the information adding an additional victim. The Defendant appeals the trial court's denial of his motion for continuance. Because we reverse and remand for a new trial, we do not address the remaining issues on appeal.
The State originally charged the Defendant with one count of aggravated assault by pointing a bow and arrow at VaSean Chambers. On the day of trial, the defense filed a motion in limine requesting that the court order the State not to mention any other alleged assaults. In response, the State moved to amend the information to add a count of aggravated assault with Rudy Darden as the victim. The Defendant objected to the amendment and requested a continuance, arguing that he would be prejudiced because his counsel had deposed the witnesses based upon only one charge of aggravated assault. He did not depose the witnesses with regard to the new charge because he did not have reason to do so at the time. The State argued in support of the amendment that Darden would not testify and that the Defendant knew Darden was listed as a potential witness. The State further argued that the defense had deposed both prosecution witnesses and both had testified in deposition that the Defendant pointed a bow and arrow at both Chambers and Darden. The trial court granted the motion to amend.
The evidence at trial revealed that the two alleged victims were in the parking lot of the Defendant's apartment complex. They were returning a borrowed car to a resident of the complex. The Defendant came to his balcony, asked why they were there, and the witnesses testified that the Defendant pointed a bow at Darden then Chambers. Chambers testified as well as two other friends who were there that night. The primary focus of the defense was whether an arrow was strung in the bow to make it a deadly weapon. The jury found the Defendant guilty on each count of aggravated assault.
Adequate time to prepare a defense is inherent to due process and the right to counsel. Brown v. State, 426 So.2d 76, 80 (Fla. 1st DCA 1983). However, "it is well settled that `the state may substantively amend an information during trial, even over the objection of the defendant unless there is a showing of prejudice to the substantial rights of the defendant.'" Toussaint v. State, 755 So.2d 170, 171 (Fla. 4th DCA 2000) (citations omitted). The trial court's denial of a continuance is within the trial court's discretion and "should not be reversed by an appellate court unless there has been a palpable abuse of this judicial discretion." Weible v. State, 761 So.2d 469, 472 (Fla. 4th DCA 2000).
We have reversed convictions involving morning of trial amendments where the new crime charged a different state of *424 mind, thus substantively altering the elements of the crime charged. See Hahn v. State, 626 So.2d 1056 (Fla. 4th DCA 1993); Washington v. State, 378 So.2d 852, 853 (Fla. 4th DCA 1979). The elements of the new crime were "obviously different" from the accusations the defense was prepared to confront. Id. In both Washington and Hahn, the amendment "significantly altered the nature of the defense." Henderson v. State, 810 So.2d 999 (Fla. 4th DCA 2002). Also, "There is a significant difference, however, between amending a charged offense and the filing of a new and entirely different offense." Green v. State, 728 So.2d 779, 781 (Fla. 4th DCA 1999).
The first district reversed a conviction where an amendment changed the charge from a misdemeanor to a felony with the rationale that, "This is a change of substance, and on the record here, cannot be deemed harmless due to its serious potential for surprise and for denying a fair trial to the defendant." Turner v. State, 376 So.2d 429, 430 (Fla. 1st DCA 1979).
In the present case, the nature of the defense was significantly altered by the amendment, and the amended information charged the Defendant with an entirely new offense. The charge of aggravated assault on Darden, though arising from the same circumstances, constituted a separate act that would require separate evidence to prove. Had the State added the charge earlier, the Defendant could have investigated what evidence the State could present and formulate a defense. At the time of the amendment, the Defendant had already deposed all the witnesses in this case with the object of defending against only the aggravated assault on Chambers. Under these circumstances, the trial court either should have given the defense a continuance to prepare for the new charge or denied the amendment.
We distinguish this case from Henderson. 810 So.2d at 999. In Henderson, the prosecutor gave the defense advance notice of the amendment so there was adequate opportunity to investigate and prepare a defense to the new charge. Id. The resulting amendment in that case also did not drastically change the elements of proof. Id. Again, the defendant had no advance notice of the amendment, and the new charge involved different proof.
In sum, we reverse and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
GUNTHER, STONE and GROSS, JJ., concur.