BROWNING, J.
 

 ON MOTION FOR REHEARING AND TO CERTIFY CONFLICT AND CERTIFY QUESTION
 

 Appellant’s motion for rehearing is granted and our original opinion is vacated and replaced by the following opinion.
 

 Appellant seeks review of his conviction and sentence for aggravated battery. He raises three issues on appeal; only one has merit. Because the trial court erred by admitting hearsay testimony, we reverse and remand for a new trial.
 

 First, Appellant alleges the trial court erred in permitting the State to amend the information against him on the day of jury selection. Appellant is not entitled to relief on this issue because he failed to move for a continuance.
 
 See Yelvington v. State,
 
 664 So.2d 262 (Fla. 1st DCA 1995).
 

 Second, Appellant raises several challenges to the trial court’s denial of his motion for judgment of acquittal. There is no merit to Appellant’s argument that he should have been acquitted because a witness’s written statement and the victim’s statement to the officer should not have been admitted. This is so because even evidence later found to have been erroneously admitted can support the denial of a motion for judgment of acquittal.
 
 See, e.g., State v. Brockman,
 
 827 So.2d 299, 302-03 (Fla. 1st DCA 2002). There is no merit to Appellant’s argument that the State did not rebut his reasonable hypothesis of innocence, because the State need rebut such a hypothesis only where all evidence is circumstantial.
 
 See Melton v. State,
 
 824 So.2d 948 (Fla. 1st DCA 2002);
 
 State v. Law,
 
 559 So.2d 187 (Fla.1989). Here, the evidence includes the victim’s eyewitness statement, which is direct evidence.
 
 See Thorp v. State,
 
 777 So.2d 385,
 
 *835
 
 389 (Fla.2000). There is no merit to Appellant’s argument that the State did not adequately prove intent because, taking the evidence in a light most favorable to the State, intent can be inferred from the circumstances of the incident. Because direct evidence of intent is rare, and intent is usually proven through inference, “a trial court should rarely, if ever, grant a motion for judgment of acquittal on the issue of intent.”
 
 Washington v. State,
 
 737 So.2d 1208, 1215 (Fla. 1st DCA 1999). By failing to raise such argument in his initial brief, Appellant has waived any argument that the State did not prove other elements of the crime.
 
 See Marshall v. State,
 
 854 So.2d 1235 (Fla.2003). To the extent Appellant argues the trial court erred by denying his judgment of acquittal because the State failed to rebut his evidence of self-defense, he is not entitled to relief because the argument was not adequately preserved below.
 

 Third, Appellant alleges the trial court erred in admitting the victim’s statement to a police officer as to how the victim was injured. The statement should not have been admitted, despite its nature as an excited utterance, because it does not meet the requirements necessary to protect Appellant’s right to confront witnesses against him. The victim’s statement was testimonial in nature because it was made in response to the officer’s direct questioning; the State has not demonstrated that the victim was unavailable to testify; and the prior cross-examination of the victim at deposition was done only for purposes of discovery and not to perpetuate the victim’s testimony. Because the statement was testimonial but Appellant had no sufficient opportunity to cross-examine the victim on that statement, the statement is inadmissible under
 
 Crawford v. Washington,
 
 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).
 
 See Lopez v. State,
 
 888 So.2d 693 (Fla. 1st DCA 2004).
 
 [1]
 

 The trial court’s error is not harmless, for the victim’s statement is the only direct eyewitness testimony that the victim was injured by the hatchet swung by Appellant.
 

 As we did in
 
 Lopez,
 
 we certify conflict with
 
 Blanton v. State,
 
 880 So.2d 798 (Fla. 5th DCA 2004).
 

 REVERSE and REMAND for a new trial.
 

 LEWIS and POLSTON, JJ., CONCUR.
 

 [1]
 

 . These cases had not been decided when the trial court made her ruling, which, when made, was correct under existing precedent.