STONE, J.
We reverse Taylor’s conviction for robbery with a firearm and armed burglary of a conveyance.
Taylor correctly asserts that the trial court erred in denying his motion for continuance where the state amended the information on the day of trial with no advance notice. The change to the information was intrinsic to the charges Taylor needed to defend against, and the defense represented that it needed at least a brief amount of time to adjust its theory of the case.
The original information charged that the firearm was in the possession of the co-defendant. During jury selection, the *1070 state made an ore terms motion to amend the information to read that Taylor was the person in actual possession of the fee-arm. The amendment was in line with the victim’s deposition statement that the perpetrator who entered his ice cream truck had a gun. Based on Taylor’s statement to the police, it is clear that, of the two perpetrators, Taylor had entered the victim’s truck.
When asked by the police to identify the wrongdoers, the victim could not; however, he was able to identify a cash box that was recovered. The victim’s girlfriend, who operated another truck, was also unable to positively identify the assailants. She testified that while an unarmed perpetrator entered her truck, she was able to see the second male holding a gun to her boyfriend’s head.
In Washington v. State, 378 So.2d 852 (Fla. 4th DCA 1979), our court reversed and remanded a cause for new trial where, on the morning of the trial, the state amended the information to include an additional charge of dealing in stolen property. The original charges were burglary and grand theft. The defendant in that case informed the court that he was ready to defend against the original information, but not the new charge, and moved for a continuance. Believing the charges arose out of the same transaction and in light of the defendant’s request for a speedy trial, the trial court had denied the motion. Id. at 853. The Washington court reasoned that the fact that the property involved in the two charges may have been the same property “does not mean that the charges themselves arose out of the same transaction.” Id.
Similarly, this court reversed and remanded for new trial in Glasserman v. State, 590 So.2d 17, 17 (Fla. 4th DCA 1991), where the defendant was prepared to defend against charges for a crime on a certain date. The trial court permitted the state to amend the information, expanding the timeframe for the crime charged immediately before jury selection. Noting that “[a]n information serves the important function of placing the accused on notice and giving him or her an opportunity to adequately prepare a defense,” we found that the trial court was within its discretion in granting the state’s motion to amend, but, once allowed, the defendant should have been granted the requested continuance and failure to do so was abuse of discretion. Id.
In another case, Peevey v. State, 820 So.2d 422 (Fla. 4th DCA 2002), we reversed denial of a motion for continuance where the trial court allowed the state to amend an information to include an additional victim on the morning of trial. Id. at 423. Finding the nature of the defense was significantly altered by the amendment, despite arising from the same circumstances, we concluded that a continuance should have been granted. Id.
The record reveals no prejudice to the state in granting a continuance, while Taylor asserts prejudice in that he had prepared for defense against the crime as charged, which did not ascribe possession of the firearm to him. Clearly, Taylor must have adequate notice of the charges which he must defend. “Adequate time to prepare a defense is inherent to due process and the right to counsel.” Id. at 423. Even “morning of trial amendments where the new crime charged a different state of mind” have resulted in reversed convictions upon appeal. Id.; see also Yelvington v. State, 664 So.2d 262 (Fla. 1st DCA 1995) (noting that a defendant should not have been forced to go to trial when the prosecutor added a new charge the day trial was to begin, but affirming his conviction because he failed to move for a continuance).
*1071 Taylor also challenges the trial court’s denial of his motion to suppress. As to that issue, we find no error or abuse of discretion. The judgment and sentence are reversed, and we remand for a new trial.
GUNTHER and FARMER, JJ., concur.