EDWARDS, J.
The State appeals the trial court’s order striking the amended information, reinstating the original information, and requiring the case to proceed to trial on the original information. Even though the amended information was filed on the Friday before the scheduled Monday morning trial, the trial court did not have the authority to take the action that it did. We reverse and remand with directions to the trial court to vacate its order and reschedule the case for trial on the amended information.
On March 21, 2013, Patrick James Mul-vaney (“Appellee”) was involved in a motor vehicle crash when the car he was driving *95 crossed the median, and struck another vehicle, causing injury to two victims. Some witnesses at the scene described Ap-pellee as looking very drunk. One police officer noted that Appellee appeared to be intoxicated, slurred his speech, and had bloodshot eyes. The officer smelled alcohol on Appellee’s breath when he spoke. Because Appellee complained of neck pain and was going to be transported to the hospital, the police did not conduct.any field sobriety tests or breath tests on scene. Appellee refused to consent to a blood test and was issued a citation with notice of suspension of his driving privileges. The police cited Appellee for driving on the wrong side of the road and -for driving under the influence with injuries.
The State filed its original information, charging Appellee with a single count of operating a motor vehicle while under the influence of an alcoholic beverage, chemical substance or controlled substance, which resulted in serious bodily injury. Appellee was arrested and entered a not-guilty plea. The parties engaged in pretrial discovery, including a request by the State for Appellee’s hospital records. The trial was originally scheduled for January 2014; however, it was continued six times at Appellee’s request, and was rescheduled for Monday, February 2, 2015.
On January 21, 2015, Appellee filed copies of his medical records, revealing that no blood alcohol or drug toxicology analysis was performed when he was taken to the hospital following the crash. Late in the afternoon of January 30, 2015, the Friday before the trial was scheduled to begin, the State filed an amended information, adding an additional charge of reckless driving causing serious bodily injury.
On Monday, the State advised the trial court that an amended information was filed, adding the new count. Noting that the case was 541 days old, the trial court asked the State if it had good cause to file an amended information the day before trial. The State advised that the amendment was necessary because it recently received Appellee’s medical records that showed no toxicology tests had been conducted following the crash. The State ad: vised that the newly added reckless driving charge was based on the same facts as those underlying the original charge. ■ Ap-pellee voiced no objection to the amended information and did not request a continuance even though the State acknowledged any continuance would be chargeable to the State.
After expressing his displeasure, the trial judge struck the amended information, reinstated the original information, and ordered the trial to proceed on the original information. The trial court gave no specific reasons for its rulings. The State timely appealed and the trial court stayed the proceedings below.
“[T]he State has the right to amend an information without leave of court, and the filing of a signed and sworn amended information has the legal effect on the original information of a nolle pro-sequi.” State v. Belton, 468 So.2d 495, 497 (Fla. 5th DCA 1985). “[T]he decision to charge and prosecute is an executive responsibility, and the state attorney has complete discretion in deciding whether and how to prosecute.” State v. Bloom, 497 So.2d 2, 3 (Fla.1986). (citing Art. II, § 3, Fla. Const.). The State is not required to seek leave of court to amend an information and may substantively amend an information at any time, up to and including the time of trial, “unless there is a showing of prejudice to the substantial rights of the defendant.” State v. Anderson, 537 So.2d 1373, 1375 (Fla.1989); see also State v. Stell, 407 So.2d 642, 643 (Fla. 4th DCA 1981) (“[L]eave of court is *96 not a condition precedent to the filing of an ‘amended’ Information...
The trial court did not find that the amended information prejudiced Ap-pellee. An amendment is generally permissible, even during trial, when it “merely clarifies some detail of the existing charge and could not reasonably have caused the defendant any prejudice.” Green v. State, 728 So.2d 779, 780 (Fla. 4th DCA 1999). “There is a significant difference, however, between amending a charged offense and the filing of a new and entirely different offense.” Id. at 781. “Proof of another separate and distinctly different crime rather than the one charged constitutes a fatal variance in proof which in a criminal case cannot be ‘cured’ by amending the charging document to conform to the proof of the crime not charged.” Rose v. State, 507 So.2d 630, 632 (Fla. 5th DCA 1987).
An amendment that substantively alters the elements of the crime charged is per se prejudicial. Wright v. State, 41 So.3d 924, 926 (Fla. 1st DCA 2010). For that reason, courts grant a continuance because a defendant has a due process right to adequately prepare a defense. Peevey v. State, 820 So.2d 422, 423-24 (Fla. 4th DCA 2002).
In Peevey, on the morning of trial, the State moved to amend the information by adding an additional count concerning related events involving an additional victim. Id. at 423. The Fourth District Court held that a defendant can be prejudiced by amendment where the nature of the defense is significantly altered by the amendment, even though arising from the same set of circumstances. Id. at 424. The court reasoned that a separate act, which required separate evidence to prove, significantly altered the nature of the defense. Id. The Peevey case is distinguishable from that court’s prior holding in Henderson v. State, 810 So.2d 999 (Fla. 4th DCA 2002). In Henderson, the trial court held that an amendment the Friday before trial allowed the defense adequate time to prepare for an amendment from attempted burglary of a dwelling to burglary because it was not a new charge that significantly altered the state of mind component. Id. at 1002.
Because Appellee did not object to the amended information or seek a continuance, we do not need to determine whether adding the charge of reckless driving causing serious injury to the original charge of driving while under the influence causing serious injury would necessarily cause prejudice to him. In any event, Appellee now has adequate time to prepare a defense to the amended information.
For the reasons set forth above, we reverse. We remand for further proceedings consistent with this opinion, including rescheduling and conducting a trial on the charges asserted in the amended information.
REVERSED AND REMANDED.
BERGER, J., concurs.
SAWAYA, J., concurs in result only.