DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ELIJAH BANKSTON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D20-231

[December 15, 2021]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Andrew L. Siegel, Judge; L.T. Case No. 17000514CF10A.

Carey Haughwout, Public Defender, and Alan T. Lipson, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Allan R. Geesey, Assistant Attorney General, West Palm Beach, for appellee.

GERBER, J.

The defendant appeals from his convictions on one count of kidnapping, one count of sexual battery with anal penetration, one count of sexual battery with vaginal penetration, and one count of simple battery. He argues the trial court erred in three respects: (1) by allowing the state, during jury selection, to amend the information on the count ultimately charging sexual battery with anal penetration; (2) by not allowing the defense to present prior bad act evidence relating to the victim's alleged financial motive for accusing the defendant of the charged crimes; and (3) by improperly imposing certain investigative costs, prosecution costs, and a "crimes against a minor" cost.

On the first and second arguments, we affirm. On the third argument, we reverse for an evidentiary hearing on the requested investigative costs and prosecution costs. The state concedes error on the "crimes against a minor" cost because the victim was not a minor. Thus, we reverse the imposition of that cost.

We will address each argument in turn.

## 1. *Amending the Information During Jury Selection*

"A trial court's ruling allowing the state to amend the information is reviewed for abuse of discretion." *Simbert v. State*, 226 So. 3d 883, 885 (Fla. 4th DCA 2017) (citation omitted).

Here, during jury selection, the trial court permitted the state, over defense counsel's objection, to amend the information's Count II by changing the mode of sexual battery charged from defendant "causing his *mouth and/or tongue* to penetrate or unite with the [victim's] *vagina*" to "causing [his] *penis* to penetrate or unite with the [victim's] *anus*." (emphasis added). The defendant argues the timing of this amendment, which substantively altered the offense's elements, violated his due process right to fair notice of the accusation against him and prejudiced his defense. *See Peevey v. State*, 820 So. 2d 422, 423 (Fla. 4th DCA 2002) ("[I]t is well settled that the state may substantively amend an information during trial, even over the objection of the defendant *unless there is a showing of prejudice to the substantial rights of the defendant*.") (emphasis added; citation and internal quotation marks omitted).

The state responds that after the trial court granted the state's motion to amend the information, the defendant waived any error by rejecting the trial court's contemporaneous offer to immediately continue the trial to another date.

We agree with the state's waiver argument. In *Peevey*, on the day of trial, the state moved to amend the aggravated assault information to add an additional victim. 820 So. 2d at 423. The defendant objected to the amendment and requested a continuance, arguing that he would be prejudiced because his counsel had not deposed the witnesses regarding the additional victim. *Id.* The state responded that the defense had deposed both prosecution witnesses who testified that the defendant also targeted the additional victim. *Id.* The trial court granted the state's motion to amend but denied the defendant's motion for continuance. *Id.*

On appeal, we reversed, reasoning:

> [T]he nature of the defense was significantly altered by the amendment, and the amended information charged the Defendant with an entirely new offense. The charge of aggravated assault on [the additional victim], though arising from the same circumstances, constituted a separate act that would require separate evidence to prove. Had the State

2

added the charge earlier, the Defendant could have investigated what evidence the State could present and formulate a defense. At the time of the amendment, the Defendant had already deposed all the witnesses in this case with the object of defending against only the aggravated assault on [the first victim]. *Under these circumstances, the trial court either should have given the defense a continuance to prepare for the new charge or denied the amendment.*

*Id.* at 424 (emphasis added).

The instant case is distinguishable from *Peevey*. Here, after the defense's initial objection to the state's motion to amend the information, the trial court stated it was granting the state's motion to amend, and immediately offered the defendant a continuance because the jury had not been sworn and thus jeopardy had not attached. The trial court recessed to permit defense counsel to speak with the defendant. After the recess, defense counsel announced the defendant would be going forward on the amended information and did not want to delay the case. The trial court then conducted a colloquy with the defendant which confirmed the defendant was aware of the court's willingness to grant a continuance with a new trial date and a new jury. The trial court told the defendant that the choice was "solely one-hundred percent absolutely unequivocally in your ballpark." The defendant responded, "Yes, we decided to go forward, sir." The trial court also confirmed with the defendant that his counsel had discussed the pros and cons of the choice. Lastly, the trial court asked the defendant, "[B]y choosing to go forward, without a continuance, you'll not raise that … in the future; do you understand that?" The defendant responded, "Yes, sir."

Based on the foregoing, the defendant knowingly, intelligently, and voluntarily waived any error by rejecting the trial court's contemporaneous offer to continue the trial to another date.

### 2. *Not Allowing the Defense to Present Prior Bad Act Evidence Relating to the Victim's Alleged Financial Motive in Accusing the Defendant of the Charged Crimes*

"As a general rule, a trial judge's ruling on the admissibility of evidence will not be disturbed absent an abuse of discretion. However, a court's discretion is limited by the evidence code and applicable case law. A court's erroneous interpretation of these authorities is subject to *de novo* review." *Pantoja v. State*, 59 So. 3d 1092, 1095 (Fla. 2011) (internal citations and quotation marks omitted).

3

Here, during the defense's opening statement, defense counsel stated that the jury would hear how the victim allegedly involved herself in a romantic relationship with the defendant to benefit herself financially. Defense counsel then stated, "[Y]ou'll hear that ... a romantic relationship ... for purposes of benefitting herself, financially, is not something new. She's done it before."

The state immediately objected. At sidebar, the state argued defense counsel was seeking to introduce irrelevant prior bad acts. Defense counsel responded that, before this incident, the victim had married an eighty-five-year-old man when he was incompetent, which marriage had to be annulled. According to defense counsel, that prior relationship was relevant to show the victim takes advantage of vulnerable people to benefit her financial situation. Defense counsel stated such conduct occurred in the instant case, because, after the defendant was arrested, the victim asked the defendant's family for money to drop the case.

The trial court sustained the state's objection to defense counsel referring to the victim's prior relationship during opening statement. However, the trial court advised defense counsel it would hear further argument during the lunch recess. The trial court then instructed the jury to disregard defense counsel's statement regarding the victim's relationship with another man.

During the lunch recess, when defense counsel raised the issue again, the state questioned how the defense would lay a foundation to establish the victim's financial motive for her prior relationship, given that, during defense counsel's deposition of the victim, she testified she had not married the man for money. Defense counsel told the court that the defense nevertheless intended to ask the victim in cross-examination about her financial motive for the prior relationship.

The trial court ruled such evidence would not be admissible during the trial.

When defense counsel later cross-examined the victim during the trial, she testified that, at the defendant's direction, his family offered to pay for her pre-existing dental repair which was unrelated to the incident. The defendant's family later said they would pay for her dental repair if she agreed to drop the case. The victim admitted she agreed to this arrangement. However, the arrangement fell through because the defendant's family wanted the victim "to sign the paper" and the victim said, "I'm not signing anything." The victim never received any money.

During the defense's case-in-chief, the defendant's daughter and sister both testified the victim, and not the defendant's family, initiated the request for the defendant's family to pay her to drop the case.

On appeal, the defendant argues the trial court erred in not permitting him to cross-examine the victim about her prior relationship. He argues that a defendant is given wide discretion in presenting evidence regarding any motivation or impetus, including bias or corruption, for a witness to testify untruthfully. Here, the defendant argues, evidence about the victim's prior relationship was relevant to show the victim had attempted to exploit that situation to her financial benefit, just as she had attempted to do with the defendant by putting him in a vulnerable position and then seeking to benefit financially.

The state responds that the victim's prior relationship was not relevant and could not be used to impeach her credibility.

We agree with the state's argument. The victim's prior relationship was not relevant and could not be used to impeach her credibility. The victim's prior relationship was too dissimilar to the facts at issue here and not probative of her alleged bias or improper motive for testifying against the defendant. On the contrary, the victim's prior relationship would have been improperly used as character evidence showing a prior bad act. *See* § 90.404(2)(a), Fla. Stat. (2019) ("Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, *but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.*") (emphasis added).

### 3. *The Imposition of Investigatory Costs, Prosecution Costs, and a "Crimes Against a Minor" Cost*

"Imposing costs of prosecution involves a question of statutory interpretation, which is reviewed de novo." *Bevans v. State*, 291 So. 3d 591, 593 (Fla. 4th DCA 2020) (citation omitted).

"In all criminal … cases, convicted persons are liable for payment of the costs of prosecution, including investigative costs incurred by law enforcement agencies … if requested by such agencies. The court shall include these costs in every judgment rendered against the convicted person." § 938.27(1), Fla. Stat. (2019). "Any dispute as to the proper amount or type of costs shall be resolved by the court by the

preponderance of the evidence. The burden of demonstrating the amount of costs incurred is on the state attorney." § 938.27(4), Fla. Stat. (2019). "Investigative costs … include actual expenses incurred in conducting the investigation and prosecution of the criminal case; however, costs may also include the salaries of permanent employees." § 938.27(7), Fla. Stat. (2019). "Costs for the state attorney must be set in all cases at no less than … $100 per case when a felony offense is charged …. The court may set a higher amount upon a showing of sufficient proof of higher costs incurred." § 938.27(8), Fla. Stat. (2019). Further, "[a]ny person … being found guilty of[] any felony … shall pay as a cost in the case, in addition to any other cost required to be imposed by law, … $225." § 938.05(1)(a), Fla. Stat. (2019).

Here, although the state requested investigative costs and prosecution costs above the statutory minimums, the state did not present any evidence supporting those additional costs, nor did the trial court alternatively obtain the defendant's knowing, intelligent, and voluntary waiver of evidence supporting those additional costs. *See Icon v. State*, 322 So. 3d 117, 119 (Fla. 4th DCA 2021) ("[A]n award of investigative costs need not be supported by evidence if the defendant affirmatively agrees to pay the requested amount."). The defendant properly challenged the imposition of those additional costs in a motion to correct sentencing error, thus requiring reversal. *See, e.g.*, *Desrosiers v. State*, 286 So. 3d 297, 300 (Fla. 4th DCA 2019) (reversing trial court's denial of motion to correct sentencing error and remanding for factual findings to support the imposition of costs above the statutory minimums).

The trial court also imposed a "crimes against a minor" cost, even though the victim was not a minor. The state concedes this error.

### ***Conclusion***

Based on the foregoing, we affirm the defendant's convictions for one count of kidnapping, one count of sexual battery with anal penetration, one count of sexual battery with vaginal penetration, and one count of simple battery. We reverse the imposition of the investigative costs and prosecution costs exceeding the statutory minimums, and remand for a hearing at which the state must present supporting evidence for those additional costs, which the trial court shall resolve by the preponderance of the evidence. We reverse the imposition of the "crimes against a minor" cost, and remand for the trial court to vacate that cost.

*Affirmed in part, reversed in part, and remanded with instructions.*

WARNER and LEVINE, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***