# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2023-2113
_____

TONY RAY DORSEY,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____


On appeal from the Circuit Court for Washington County.
Christopher N. Patterson, Judge.

February 5, 2025


PER CURIAM.

Tony Ray Dorsey appeals the judgment and sentence entered following his conviction for resisting a law enforcement officer with violence. He raises three issues on appeal.

First, he argues the trial court erred when it denied his motion for judgment of acquittal. The law requires we view the evidence in the light most favorable to the nonmoving party. In that light, it can be reasonably inferred that Dorsey knowingly and willfully resisted the sheriff's deputy with violence. We find that there was competent, substantial evidence to support Dorsey's conviction. *See Manuel v. State*, 16 So. 3d 833, 835 (Fla. 1st DCA 2005) ("Because direct evidence of intent is rare, and intent is usually proven through inference, 'a trial court should rarely, if ever, grant

a motion for judgment of acquittal on the issue of intent.'" (quoting *Washington v. State*, 737 So. 2d 1208, 1215 (Fla. 1st DCA 1999))).

Second, he contends that the trial court's denial of his motion was fundamental error. He argues the deputy was not engaged in the lawful execution of a legal duty. This evaluation is fact specific, and we must consider the circumstances wholistically. Considering, among other things, the tip from dispatch and the deputy's own observations, we find the deputy had reasonable suspicion of criminal activity and was therefore engaged in the lawful execution of a legal duty. *See Baptiste v. State*, 995 So. 2d 285, 297 (Fla. 2008) ("Even though an anonymous tip may not provide predictive information or the precise basis for the tipster's knowledge, subsequent *observations* of a suspect who matches the description given may afford officers reasonable suspicion to seize that suspect."). As such, the trial court did not fundamentally err when denying the motion for judgment of acquittal.

Finally, we affirm the third issue without further discussion. *See* Fla. R. Crim. P. 3.801 (court commentary providing that "[a]ll jail credit issues must be handled pursuant to this rule").

AFFIRMED.

OSTERHAUS, C.J., and BILBREY and LONG, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Russell K. Ramey of Ramey Law Offices, Panama City, for Appellant.

Christina Piotrowski, Assistant Attorney General, Tallahassee, for Appellee.